## Stoner *versus* Neff.

*Purchase-money judgment, when preferred to mechanics' lien on building commenced before entry of judgment.*

Where a vendee of land under articles commenced to build a saw-mill, and afterwards received a deed for the land, giving a judgment for the unpaid purchase-money which was entered on the same day, *Held*, that the lien of the purchase-money judgment had priority over a mechanics' lien filed for materials furnished for the mill, and was entitled to be first paid out of the proceeds of the sale of the land under execution.

APPEAL from the Common Pleas of *Somerset county*.

This was an appeal, by Charles Stoner, from the decree of the court below distributing the proceeds of the sale of the real estate of Henry Ankeny. The material facts were as follows:—

On the 4th day of February 1857, John Neff sold to Magdalena and George Ankeny six or seven acres of land by articles of agreement. In the early part of January 1860, Magdalena and George Ankeny commenced the erection of a saw-mill, and Charles Stoner, the appellant, furnished the machinery and castings which were put into the saw-mill. He filed a mechanics' lien within six months after the completion of the mill, upon which a *scire facias* was issued, and judgment obtained on the 22d April 1861, for the sum of $323.09 with costs.

On the 20th of March 1860, after the saw-mill was commenced, John Neff conveyed by deed to Magdalena and George Ankeny one hundred and six acres, in which the six or seven were included, and on the same day entered his judgment against them for the unpaid purchase-money on the whole one hundred and six acres. On No. 12, February Term 1863, judgment was had against Henry Ankeny on a *scire facias* in favour of Abram Morrison's use, said judgment having been a continuous lien on the six or seven acres from the time Henry Ankeny was the owner. On this judgment an execution was issued to 39, November Term 1862, and *venditioni* to February Term 1863, No. 12. And the six or seven acres with the saw-mill were sold for the sum of $550. After paying this judgment a balance of $347.09 remained, which was applied by the auditor to the judgment of Stoner, on the ground that the mechanics' lien had priority to the judgment of Neff held by him against Magdalena and George Ankeny. The court reversed the finding of the auditor, and decreed the balance to the judgment of Neff, from which decree Stoner appealed.

*Hugus & Kimmel*, for appellant.—If the decision referred to by the auditor in 4 Barr 128 is to have weight, the court clearly erred in decreeing the fund in court to the judgment of Neff. The only difference in the facts of the two cases is, that there the judgment was not entered for some days after the delivery of the

[Stoner *v.* Neff.]

deed, which fact was made the turning point by his Honour in the court below.   In this case the judgment was entered on the day the deed was delivered.   By the Act of 1836 the lien of the mechanic and material-man dates from the commencement of the building; and when a lien once attaches, it would be a strange rule of justice that would permit one person, on mere caprice, to defeat or make good the claim of another against a common debtor.   Before this deed was made by Neff to the Ankenys, the lien of Stoner was good against all others, and Neff was perfectly secure as to the unpaid purchase-money, for had the land been sold while the equitable title only was in the Ankenys, the purchaser could not get his legal title until he paid Neff the purchase-money.   In that case both Stoner and Neff were sure that their money would be paid them, without the loss of a dollar to either. But the decree of the court takes away this fund from Stoner and gives it to Neff, who, without it, is amply secured by the lien on the one hundred acres remaining unsold.   The decree further sets aside that well-established principle of equity, " that a person having two funds shall not by his choice disappoint another having one only."   The delivery of the deed by Neff, which was optional on his part, destroyed Stoner's lien ; its non-delivery would have saved him his money.   Surely the rights of mechanics and material-men cannot be thus frittered away or destroyed by the whims of the ignorant or malicious.   The liens in such cases were made for the protection and safety of a meritorious class of our citizens, whose labour and industry were devoted to the improvement and embellishment of the country ; and these statutes have always been so interpreted by the courts, that the humane spirit embodied in these enactments should be fully carried out.   See the American Fire Insurance Co. *v.* Pringle, 2 S. & R. 138.

*A. J. Colburn,* for appellee.—The judgment of Neff was, doubtless, entered subsequently to the commencement of the building, but this entry was only the continuance of a lien that had attached long prior thereto, the judgment having been given for the unpaid purchase-money due upon the land.   Up to the date of the delivery of the deed, the unpaid purchase-money was the first and only lien upon the land, or at least against the equitable interest of Magdalena and George Ankeny in this land.   Did the delivery of the deed postpone the lien of Neff for the purchase-money ?   If Neff had done nothing to preserve and continue the lien, the question might be answered in the affirmative ; but in this case, the same instant that he delivered a deed for the land he took a judgment from his vendees for the balance of the purchase-money, and caused it to be regularly entered in the prothonotary's office, thereby preserving the original lien of the purchase-money without the least interruption.

[Stoner *v.* Neff.]

What the rights of these parties would be if Neff had never made and delivered a deed, this court is not called upon to say. Is this judgment to be postponed to the judgment of Stoner, obtained on mechanic's lien for materials furnished subsequently to the entry of Neff's judgment, and after Stoner had full knowledge of the conveyance by Neff and of the entry of his judgment, or at least after he had the means of knowing? See Love *v.* Jones, 4 Watts 472. The legislature, in giving mechanics and material-men a lien, never intended to give that lien greater effect and power than that of a judgment; and surely it will not be claimed, that if a judgment had been entered against Magdalena and George Ankeny before the delivery of the deed by Neff for the land, it would postpone the lien of Neff for purchase-money. The cases of Lyon *v.* McGuffey, 4 Barr 128, and The American Fire Insurance Co. *v.* Pringle, 2 S. & R. 138, cited by appellant, differ very essentially from this case. I know of no case, nor do I think that any can be found, in which this court has postponed the lien of the vendor for purchase-money, which subsisted at the time of, and prior to the commencement of the building, to the lien of a mechanic or material-man.

The opinion of the court was delivered, June 29th 1865, by

AGNEW, J.—The fund to be distributed in the court below, came from a sale of six acres of ground, including a saw-mill, built upon the same, by one who held under articles of agreement for the purchase of the ground. The mechanic's claim was for machinery and castings furnished for the saw-mill. A deed was made after the building of the mill was commenced, and the vendor took a judgment for the remainder of the purchase-money, which was entered on the day of the delivery of his conveyance. While it is true that the lien of the material-man dates from the commencement of the building, his claim of priority over the vendor's judgment for purchase-money is founded in a misconception of the estate bound by his claim at the time of its commencement. Savoy *v.* Jones, 1 Rawle 350, and Holdship *v.* Abercrombie, 9 Watts 52, did decide that, under the Act of 1806, a sale under a mechanic's claim carried a greater interest than that which might belong to the person who procured the building to be erected. But the Act of 28th April 1840, § 24, gave to the Revised Act of 1836 a different operation, and it was so held in O'Connor *v.* Warner, 4 W. & S. 223. Under this law the lien of the mechanic is restrained to the estate of the person in possession, at whose instance the building is erected. It is without doubt, therefore, that Neff the vendor, when he conveyed to the Ankenys, transmitted to them a different estate, which had not before vested in George Ankeny, viz., the legal title, and his estate represented by the unpaid purchase-money, which belonged

[Stoner *v.* Neff.]

not to Ankeny but to himself.. But nothing is better settled than this, that if the vendor, at the time of parting with his title, takes a mortgage or judgment as a part of the transaction to secure his purchase-money, he retains a lien upon the estate conveyed, not to be displaced by any other encumbrance, provided the mortgage be recorded within the sixty days allowed therefor, or the judgment be entered on the same day. There being no fractions of a day, the judgment-lien is therefore contemporaneous with the delivery of the deed. Now although, as decided in Lyon *v.* McGuffey, 4 Barr 126, a mechanic's lien upon an equitable estate attaches to the subsequently-acquired legal estate, because of the merger of the equitable estate, which takes place by operation of law, yet it does not thereby take precedence of the vendor's claim. The latter had an estate upon which the former had no lien, and when he transmitted it to his vendee, he never let go his grasp upon his purchase-money. The law does injury to no one, and its operation by way of merger of the equitable into the legal estate, is not to be at the expense of a third party having a superior claim upon the legal estate. It is true, that in Lyon *v.* McGuffey, the lien of the mechanic took preference of the vendor's judgment, but that was because the vendor let go his grasp upon the purchase-money by omitting to file his judgment for ten days after parting with his title. The court below was clearly right in saying that the whole weight of the authority of that case rested on the omission to file the judgment-bond in time to preserve the continuity of the vendor's lien.

Judgment affirmed.