# Hall *versus* Parker.

1. Where a tenant contracts with his landlord to build or to repair buildings for compensation to be made by the landlord, either in money or the occupation and use of the premises, the tenant is the landlord's agent, building or repairing for him, at his ultimate cost, and the building is liable to lien as in all other cases of building or repairing by contract.

2. Under such circumstances, notice by the lessor to the mechanics that they must look only to the lessee for their compensation does not destroy their right to the security of the building.

March 22d 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Chester county:* Of January Term 1879. No. 153.

Scire facias sur mechanic's lien, issued by Parker & Worthington against John Hall, owner or reputed owner, and F. J. De Maziere and F. A. Wyers, contractors.

[Hall *v.* Parker.]

At the trial it appeared that Hall leased to De Maziere and Wyers a certain building in West Chester for the term of five years, the rent to be $5 for the first year, $500 for the second year, and $600 per year for the balance of the term. The lease contained the following clause :

" The said lessees agree that they will, during the first year, in consideration of the low rent for that time, make the following repairs to said premises, to wit, roof the wash-house, the dormer windows, and introduce water and gas into such parts of the building and premises as they may deem necessary. The said lessor is to make necessary repairs to the roof of the main building ; all other repairs and improvements are to be made by the lessees at their own expense and cost."

. The plaintiffs were employed and did certain work on the building. There was evidence that Hall informed them that the lessees were to pay for all the work done for them. The lessees afterwards became embarrassed and made an assignment, when this suit was brought.

The defendants presented the following points :

1. The lease to De Maziere and Wyers having provided that they were to make the repairs for which plaintiffs' claims are made " at their own expense and cost," the premises against which plaintiffs' claims are filed are not subject to a lien on their claim.

2. The estate of De Maziere and Wyers being only a leasehold estate in the building and ground against which the plaintiffs' claims are filed, they are not subject to a mechanic's lien on their claim.

3. The plaintiffs having been notified by John Hall, before they performed any work or furnished any material to the repairs of the premises leased to them, that he would not be accountable in any wise to them for the cost of such work or materials, the premises are not subject to a mechanic's lien on their claim.

The court reserved these points, and a verdict was rendered for plaintiffs for $230.06. The court, Butler, P. J., afterwards entered judgment for the plaintiffs on the points reserved in an opinion, inter alia, saying :

" The defendants' first, second and third points having been reserved on the trial must now be answered. They deny the plaintiffs' right to recover as matter of law.

" The lien is for repairs and additions. Under the general statute it could not be sustained. The lien there provided is for material and work for the erection of buildings only. But the special Act of May 1st 1861 extended the provisions of the general statute to additions and repairs so far as respects Chester and some other counties.

" By the supplement of April 28th 1840 to the original statute, the lien is restricted to the estate of the party contracting and in

[Hall v. Parker.]

possession at the commencement of the work; and, as a tenant for years has but a chattel interest, no liens can attach for material or work furnished him.

"Where, however, the tenant contracts with the landlord to build, or to add to or repair buildings, for compensation to be made by the landlord either in money or the occupation and use of the premises, he is, in the first instance, under the general statute, and, in the second, under the special one here properly regarded as an ordinary contractor to build or repair. He is the landlord's agent holding possession for him, building and repairing for him, at his ultimate cost; and the building is liable to lien, as in all other cases of building or repairing by contract. Occasionally such contracts have been inadvertently called improvement leases, but they are not, in the ordinary meaning of that term.

"The difference is recognised by the court in the first and last case involving the subject: Woodward v. Leiby, 12 Casey 437, and Wainwright v. Barclay, 5 Norris 191. Improvement leases do not ordinarily contemplate the purchase of material for building and the employment of mechanics, but simply the labor of the tenant and his servants. The contracts here under consideration are building contracts (as well as a lease), with all the incidents of such contracts where no lease exists: Woodward v. Lieby, supra; Leiby v. Wilson, 4 Wright 63; Reid v. Kennedy, 4 W. N. C. 452; Barclay v. Wainwright, supra; Hooper v. Child, 7 Wright 310; Fisher v. Perot, 2 P. F. Smith 40.

"In Reid v. Kennedy it was intimated, if not asserted, that a permission or license to build is not sufficient; that a duty must be imposed on the tenant to do so. But in Wainwright v. Barclay, supra, (the most recent case), this is repudiated, and the liability to lien put upon the fact that the building is erected by the tenant for the landlord with his assent and at his ultimate expense, being paid for out of the rent or from the use and profit of the premises.

"In the case before us the tenants contracted to make the repairs and addition during the first year, in consideration of the low rent for that time. In other words, in consideration of receiving the use of the premises for that year rent free, for the rent required to be paid is but nominal—$5. The annual value of the premises is fixed by the parties at $600. $595 is therefore the sum which the landlord agreed to pay for the repairs and additions. The transaction was a contract for repairs and additions to be paid for at this rate. Calling the contractors tenants, paying them in the use and occupation or proceeds of the premises, will not avoid the ordinary incidents of a building contract. If it would then (as is suggested in some of the cases cited) might the owner have buildings erected or repaired and enlarged, and escape the provisions of the mechanics' lien law by simply calling the contractor tenant,

[Hall *v.* Parker.]

putting him in possession and paying him for the proceeds of the property, instead of from the owner's pocket. * * *

" Can the notice given one of the plaintiffs make any difference? We think not. It appears that the plaintiffs had then been employed and the work commenced. Mr. Hall inquired of Mr. Parker if he knew 'who they were working for?' Mr. Parker replied, ' Yes, for the tenants;' and Mr. Hall added, ' Yes, I will not pay for anything.' Mr. Hall is not personally asked to pay for anything, and is not personally liable. If, by reason of depreciation, previous liens or other cause, the building should prove insufficient to pay, the plaintiffs cannot resort to him. The court cannot interpret Mr. Hall's language, say how the plaintiffs should have understood it, and whether, therefore, it was sufficient notice to deprive them of their right to lien, if any notice could have this effect, as the point asked us to do. It may be proper to remark that the language attributed to Mr. Hall in the point differs from his language on our notes and quoted above. But we do not think any notice he could have given would be important. He required the tenants to make the repairs and additions to his property for his benefit at his ultimate cost." * * *

The defendants took this writ, alleging that the court erred in holding that the notice given by Mr. Hall to look to the lessees was of no effect, and that no notice would have been sufficient, and in not holding as requested in defendants' first point.

*W. Townsend*, for plaintiffs in error.—There was evidence to show that plaintiffs did not contemplate a lien, and did not work on the faith of such a remedy. On the first day they commenced their work they were told by Hall that he would not be responsible therefor. Hall thus gave them notice of a contest if they endeavored to change the building, and the court erred when they said this notice was of no importance: McClintock *v.* Criswell, 17 P. F. Smith 183.

*John J. Pinkerton*, for defendants in error.—It is to be presumed that these mechanics making improvements upon this building looked not only to the personal security of the contractors, but to the building as well. To bind the land it is not necessary that the lease should contain an express covenant on the part of the lessee to build; it is enough if it be shown that such was the manifest intention of the parties : Barclay *v.* Wainwright, 5 Norris 191 ; Leiby *v.* Wilson, 4 Wright 63 ; Woodward *v.* Leiby et al., 12 Casey 437.

It is said the plaintiffs had notice, and had time to save themselves by requiring security of the tenant. The answer to that is, they did not want to save themselves ; they were relying upon the building, because they knew the character of the lease, and under

[Hall *v.* Parker.]

its terms they were entitled to enter a lien for their work and materials.

The judgment of the Supreme Court was entered, March 31st 1880,

PER CURIAM.—We affirm this judgment upon the opinion of the learned judge below on the points reserved.

Judgment affirmed.