# N. V. Leslie and John A. Slack, Appellants, v. A. W. Leonard and Henrietta Leonard.

*Mechanics' liens—Cotenant's liability for repairs.*

A tenant in common being able only to hold his cotenants for absolutely necessary repairs, and that only as a personal charge and not as a lien, it follows that he cannot have the greater power to subject their interests to lien and sale, without notice, by contract with another for repairs not proven to be necessary.

Submitted May 11, 1899. Appeal, No. 234, April T., 1899, by plaintiffs, from judgment of C. P. Lawrence Co., Sept. T., 1897, No. 72, on verdict for defendants. Before Rice, P. J., Beaver, Orlady, W. W. Porter, W. D. Porter and Beeber, JJ. Affirmed. Opinion by W. W. Porter, J.

Ejectment. Before Miller, P. J.

It appears from the record that A. W. Leonard, one of the defendants, being owner in common of the premises in dispute, with his brothers and sisters, contracted with plaintiffs to make certain repairs upon the dwelling house located on the same. Plaintiffs filed a mechanic's lien naming A. W. Leonard as contractor and owner on which a sci. fa. was issued and prosecuted to judgment. The premises were purchased under a sale under a levari facias by the plaintiff who brought an action of ejectment to recover the same.

On the trial of the case the jury entered a verdict in favor of plaintiffs for one undivided one-fifth interest against A. W. Leonard, and as to the other four undivided fifth interests verdict was found in favor of Henrietta Leonard, the assignee of the said four-fifth interest. Plaintiffs appealed.

*Error assigned* among others was (4) in answer to defendants' second point, which point and answer are as follows: " 2. Under all the evidence the verdict must be in favor of Henrietta Leonard, defendant. *Answer :* Affirmed. That is, we say to you, gentlemen, under the uncontradicted evidence of this case, and it is all in writing, your verdict should be in favor of the plaintiffs as against A. W. Leonard for the one undivided one fifth of the premises described in the writ, and as to Henrietta Leonard the verdict should be in favor of Henrietta Leonard, one of the defendants."

*James M. Martin,* with him *D. S. Morris,* for appellants.—In construing the mechanic's lien acts of 1806, 1808 and 1836 the Supreme Court, by a line of cases, have clearly decided that, to render a sale effective to pass title under a sale in satisfaction of such lien, it is not necessary that all parties interested in the fee should be first warned by scire facias. This ruling was based on the conceded doctrine that mechanics' liens and the proceedings thereon are proceedings in rem, and not in personam : Savoy v. Jones, 2 Rawle, 343, 350 ; Anshutz v. McClelland, 5 Watts, 487 ; Holdship v. Abercrombie, 9 Watts, 52 ; O'Conner v. Warner, 4 W. & S. 223.

In answer to the third question raised by the second assignment, we urge that the Act of April 28, 1840, P. L. 474, makes no change in the current of authority above cited, where the premises are held by tenant in common in fee.

This act by its very language is an interpreting act of the intendment of the legislature when it passed the Act of June 16, 1836, P. L. 695. Chief Justice Gibson in his opinion in O'Conner v. Warner, 4 W. & S. 223, above cited, so construes it.

But since the time of Chief Justice Gibson this interpreting act of 1840 has itself received an interpretation that preserves the beneficent fabric of mechanics' liens as a proceeding in rem, and that is, where the contractors and builders (be they one or

many) have a fee in the land in possession, their estate therein is bound by the lien. Thus :

A mechanic's lien on an equitable estate attaches to a subsequently acquired legal estate : Lyon v. McGuffey, 4 Pa. 126 ; Gaule v. Bilyeau, 25 Pa. 521.

Again, a mechanic's lien binds the fee when the building is erected by one in possession under an improvement lease : Woodward v. Leiby, 36 Pa. 437 ; Leiby v. Wilson, 40 Pa. 63 ; Hopper v. Childs, 43 Pa. 310 ; Fisher v. Rush, 71 Pa. 40.

*Aaron L. Hazen* and *B. A. Winternitz,* with them *John G. McConahy,* for appellees.—The appellant does not print the mechanic's lien nor the proceedings thereon, consequently this court is without knowledge as to whether the lien was for the erection of a building or for alterations or repairs.

In construing the Act of April 28, 1840, P. L. 474, the Supreme Court has in numerous cases held " that under this law the lien of the mechanic is restrained to the estate of the person in possession at whose instance the building is erected : Stoner v. Neff, 50 Pa. 258 ; Weaver v. Lutz, 102 Pa. 593.

The decisions of the Supreme Court have gone no further than to say, that tenants in common are liable only for such repairs as are absolutely necessary to the enjoyment of their property : Crest v. Jack, 3 Watts, 238 ; Dech's Appeal, 57 Pa. 467 ; Beaty v. Bordwell, 91 Pa. 433 ; Appeal of Kelsey, 113 Pa. 119.

In the case at bar there is no evidence of the nature and character of the repairs or erection, whether they were necessary or not, and to hold even a tenant in common liable upon a contract made by a cotenant simply because he is a cotenant, would be placing such tenant in common, absolutely at the mercy of her cotenant.

OPINION BY WILLIAM W. PORTER, J., July 28, 1899 :

The plaintiffs filed a mechanic's lien against certain land naming A. W. Leonard (one of five tenants in common) as contractor and owner. Subsequently, they issued a scire facias and entered judgment against him. Upon this judgment, a levari facias was issued by virtue of which the land was sold by the sheriff and bought by the present plaintiffs, to whom a sheriff's

deed was delivered. They now sue in ejectment claiming title to the land thus purchased. The interests of the four tenants in common (other than that of A. W. Leonard) were, pending the scire facias, conveyed to Henrietta Leonard, his wife. Both A. W. Leonard and his wife are made defendants in this proceeding. A. W. Leonard has disclaimed his one-fifth interest. Henrietta Leonard, his wife, contends that the four-fifths interest held by her has not been taken from her by the proceedings recited. The court below directed a verdict for the plaintiff against A. W. Leonard for the one-fifth interest disclaimed, and a verdict for Henrietta Leonard for the four-fifths interest claimed by her.

The question then is whether the plaintiffs have acquired, by virtue of the sale under the mechanic's lien, the undivided four-fifths interest in the land held by Henrietta Leonard.

At the root of the matter lies the Act of April 28, 1840, P. L. 474, section 24, which provides as follows: "The lien created by the act entitled, ' An act relating to the lien of mechanics and others upon buildings,' passed the 16th day of June, 1836, shall not be construed to any other or greater estate in the ground on which any building may be erected than that of the person or persons in possession at the time of commencing the said building, and at whose instance the same is erected, nor shall any other or greater estate than that above described be sold by virtue of any execution authorized or directed in the said act."

The lien filed is not printed in the paper-books. We are left to infer from the statements of fact in the charge that the lien was filed for repairs. The Act of May 1, 1861, P. L. 550, provides that the Act of June 16, 1836, P. L. 695, with its supplements, shall apply to debts contracted for work done or materials furnished for or about the repairs to any house or other building, and that liens may be had for such work and material "in the same manner as liens may now be had for debts contracted for work done or materials found for or about the erection or construction of any house or other building under the aforesaid Act, approved June 16, Anno Domino, 1836, P. L. 695, and the several supplements to said act." The Act of April 28, 1840, P. L. 474, supplementary to the act of 1836, thus bears upon the question involved in this case whether the

lien be for construction or repair. Condensed for convenience in application to the case in hand, the act provides that the lien shall not extend to any other or greater estate than that of the person or persons in possession, and at whose instance the work is done, and that no other or greater estate shall be sold by execution.

Assuming, for the purposes of this consideration, that the tenure of tenants in common by unity of possession, is such a possession as is contemplated by the terms of the act, there is yet the provision that only the interest of him at whose instance the work is done shall be the subject of lien and sale.

The lien, in this case, was filed and the scire facias issued against A. W. Leonard alone. He is called the contractor and owner. Against him the judgment was entered. Upon this judgment the levari facias was issued by virtue of which the land was sold. This evidence proves him, in the absence of contradiction, to be the party at whose instance the work was done.

By the abstracts of title filed in the cause, it appears that he was one of five tenants in common. The remaining undivided interests were, pending the proceedings on the scire facias, outstanding in four other parties. It is not shown that it was at the instance of them or any of them that the work was done. "The act of 1836, with its supplement of 1840, clearly negatives an intent to create a debt not having its foundation in a contract with the owner. They only confer a lien for one contracted either directly or indirectly by his contract: " Waters v. Wolf, 162 Pa. 153.

It may be that in the minds of the legislators, when the act of 1840 was passed, lay the purpose to protect those having remainder or reversionary interests in land from having their titles swept away by the act of the holder of the particular or life estate in permitting a lien to be obtained, and that the use of the words " other or greater estate " had direct reference to such a condition of title. See O'Connor v. Warner, 4 W. & S. 223, and Leiby v. Wilson, 40 Pa. 63, 67. The words, however, are broad enough to cover the case in hand. True, the other tenants in common had no " greater" estate, in the technical sense, than had A. W. Leonard inasmuch as all held in fee. The word " other " is not restricted, however, to estates other in character or quantity, but includes also estates held by persons other than

he at whose instance the work was done. The seizin of tenants in common is several, not joint. They have several freeholds and not an entirety of interests. The action upon the lien is in rem but the act makes the proceeding in rem dependent upon a personal obligation and restricts the lien to the estate of the person so contracting: Stoner v. Neff, 50 Pa. 258; Weaver v. Lutz, 102 Pa. 593.

It is, however, argued that one tenant in common has an implied power to bind his cotenants for repairs to the joint property. The power to do this is limited to repairs necessary to the preservation of the property. In Crest v. Jack, 3 Watts, 238, it was held that one tenant in common cannot erect buildings or make improvements on the common property without the consent of the rest and then claim to hold until reimbursed a proportion of the moneys expended, " nor can he authorize this to be done by a third person." Again in Kelsey's Appeal, 113 Pa. 119, it is said, " While a tenant in common is liable to his cotenant for repairs absolutely necessary to buildings already erected and in being which fall into decay, yet he is not liable to his cotenant for new and permanent buildings which the latter erects." See also Beatly v. Bardwell, 91 Pa. 438, and Dech's Appeal, 57 Pa. 467. Nor is a tenant in common liable for damages to a dispossessed tenant for years for permanent improvements put upon the property, under lease from a cotenant executed without authority: McKinley v. Peters, 111 Pa. 283.

There is nothing before us showing that the lien in this case was filed for absolutely necessary repairs. If then the tenant in common can hold his cotenants only for contribution to the cost of absolutely necessary repairs made by himself, as a personal charge and not a lien, Huston v. Springer, 2 Rawle, 97, whence comes the greater power to subject their interests to lien and sale without notice, by contract with another for repairs not proven to be necessary? We are of opinion that it does not exist, and that the work whether construction or repair must have been done at the direct instance of the tenant in common in order that his interest may be bound by lien.

Our attention has been called to cases holding that a mechanic's lien binds the fee when a building is erected by one in possession, under a so-called improvement lease. These cases have

no application here. They rest upon the ground that the contract partakes of the nature of a building contract rather than a letting. The tenant obtains his power to contract a debt upon which a lien against the land may be founded, not by virtue of his tenancy, but by virtue of the contract to build: Hall v. Parker, 94 Pa. 109; Barclay v. Wainwright, 86 Pa. 191; Woodward v. Leiby, 36 Pa. 437; Leiby v. Wilson, supra; Hopper v. Childs, 43 Pa. 310; Fisher v. Rush, 71 Pa. 40.

We are of opinion that the court below committed no error in directing the verdict and the judgment is affirmed.