VOORHIS, MILLER & RUPEL v. G. J. MICHAELIS.

1. INSOLVENT DEBTOR—*Preference of Creditors.* An insolvent debtor, as long as he retains possession of his property, may appropriate it to the payment of debts, and may prefer creditors.

2. CONVEYANCE, *When Fraudulent.* A voluntary conveyance made to defraud creditors is void only as to prior and existing creditors, and to those designed to be defrauded by the conveyance.

3. ATTACHMENT—*Dissolution—Action, Dismissed.* Where an attachment on a note not due is dissolved because the grounds therefor are not true, the action is properly dismissed.

*Error from Russell District Court.*

THE opinion, filed January 10, 1891, states the case.

*H. G. Laing,* for plaintiffs in error.

*Geo. W. Holland,* for defendant in error.

*Per Curiam:* This was an action brought by Voorhis, Miller & Rupel against G. J. Michaelis on a promissory note for $456, not due. An order of attachment was granted and issued by the probate judge of the county where the action was commenced, and thereon the property of G. J. Michaelis was taken possession of by the officer. A motion to dissolve the attachment was made by Michaelis. The testimony was partly oral and partly by affidavits—mostly oral. The motion to dissolve was sustained and the case dismissed. The plaintiffs excepted and bring the case here.

The evidence is conflicting, and against the finding of the district court. We do not think the evidence of such a character as to authorize us to interfere. An insolvent debtor, as long as he retains possession of his property, may appropriate it to the payment of debts, and may prefer creditors. (*Dodd v. Hills,* 21 Kas. 707; *Randall v. Shaw,* 28 id. 419; *Bailey v. Mfg. Co.,* 32 id. 73.) A voluntary conveyance made to defraud creditors is void only as to prior and existing creditors, and to those designed to be defrauded by the conveyance."

(*Sheppard v. Thomas,* 24 Kas. 780.)   As the order of attachment was set aside for the reason that the grounds therefor were not true, the action was properly dismissed. (*Pierce v. Myers,* 28 Kas. 364.)

The order and judgment of the district court will be affirmed.