THE JARVIS-CONKLIN MORTGAGE TRUST COMPANY V. FRANK G. SUTTON *et al.*

1. MECHANICS' LIEN—*Foreclosure—Pleading.* Where, in a case for the foreclosure of a lien for material furnished, there is no allegation in the body of the petition that the contract to furnish materials was with the owner, but the petition refers to the lien statement as attached thereto, and as a part thereof, and said lien statement clearly shows the contract to furnish material was with the owner, *held,* that the petition sufficiently shows that the contract was with the owner.

2. PETITION—*Value of Materials.* A petition, in such a case, which states that the plaintiff furnished lumber and materials to the amount of $537.93, sufficiently states the value of such lumber and materials, without any further allegation of value.

3. EVIDENCE, *Sustains Finding.* The evidence examined, and *held* sufficient to sustain the finding of the court, that the contract for furnishing material was with the owners of the land upon which the building was erected.

4. ——— *Sufficient Title.* To obtain a lien for material furnished, under ¶ 4733, General Statutes of 1889, it is not necessary to show that the party to whom the material was furnished had a complete title when the contract for the material was made. It is sufficient if, at that time, he has equitable title.

*Error from Rice District Court.*

THE opinion states the case.

*A. M. Lasley,* for plaintiff in error.

*C. F. Foley,* and *J. W. Brinckerhoff,* for defendants in error.

Opinion by STRANG, C.: This was an action to foreclose certain mechanics' and material-men's liens. The Jarvis-Conklin Mortgage Trust Company filed a cross-petition, setting up a cause of action on a note and mortgage against the defendants Byers and Tuttle, owners of the property described in the petition of the plaintiffs below, and claiming a lien upon the premises prior to the other liens sought to be foreclosed. The issue was thus joined between the parties claiming liens upon the property as material-men and mechanics on one side, and the holder of the mortgage lien on the other, to determine whose liens were first. The case was tried by the court, which found in favor of Sutton & Murphy, against the owners of the premises, for the amount of the material furnished by them; and for the defendant Tarr against them for the amount of his claim as a mechanic; and also in favor of the Jarvis-Conklin Mortgage Trust Company against the same defendants for the amount of their claim. The court ordered a foreclosure and sale of the premises described in the petition and cross-petition. The court further found that the liens of Sutton & Murphy and J. W. Tarr were of equal rank, and superior to the mortgage lien of the mortgage trust company, and ordered the proceeds of the sale to be applied first, to the payment of the costs of the case; second, to the payment of the judgments of Sutton & Murphy and Tarr; and the balance, if any, applied to the payment of the judgment of the mortgage trust company; and the overplus, if any, to be turned over to Byers and Tuttle, the owners of the premises. The Jarvis-Conklin Mortgage Trust Company objected to the decree of the court, and excepted. The company filed a motion for a new trial, which was overruled, upon which it brings the case here, and alleges for errors, first, that the court erred in overruling the objection to the reception of evidence under the petition in the case, upon the ground that it did not state facts sufficient to constitute a cause of action.

The particular defect pointed out in the petition is, an alleged failure to state therein that the contract for furnishing

the material was made with the owners of the premises upon which the building was to be erected. There is no statement to that effect in the body of the petition; but the lien statement of the plaintiff is attached to his petition as a part thereof, and therein it is alleged that the contract was with Byers and Tuttle, and that they are the owners of the premises. We think this is sufficient as against a demurrer or general objection to evidence under the petition. There was no motion to make the petition more definite.

The next complaint is, that the petition does not allege that the materials furnished were of any value. The petition says that the plaintiffs furnished material amounting to $537.93, but does not add any further allegation of value. We think the statement that the plaintiffs furnished material to the amount of $537.93 is a sufficient statement of value.

The plaintiff says that the court below ought to have granted a new trial, because there was not sufficient evidence to sustain the judgment. If there was any proper evidence upon all the questions at issue, the judgment, under the rule of this court, should be affirmed. The particular failure of proof here alleged is, that there was no evidence that the contract for the material furnished was with the owner or owners of the lots upon which the building was erected. The evidence shows that the contract was with J. F. Byers, and that the material was "charged to Byers, or to Byers and Tuttle." Byers and Tuttle were partners at the time the material was purchased, and it was purchased for the partnership. The partnership erected the building. The evidence upon the question of ownership was somewhat uncertain, but there was some evidence tending to prove that the contract was with the owners of the premises on which the building was erected, and the district judge having found that it was sufficient, this court will not disturb such finding.

It is also said that Byers and Tuttle were not the owners of the lots on which the building was erected, at the time the material was contracted for. This contention is technically true. But Byers and Tuttle had examined and priced these

lots, together with others belonging to the same party, before making the contract for the material in controversy. They intended buying some of the lots looked at and priced, upon which to place the building subsequently erected by them. They had not notified the owner of the lots that they would take these particular lots, at the time when they contracted for the material, but they must have decided in their own minds, because Byers told Sutton where to deliver the lumber. The material-men commenced the delivery of the lumber on these lots a few days after they contracted to deliver it. Some of the evidence shows that the building was begun on said lots as early as the 21st of January, 1887, only a few days after the contract for material was entered into. Byers and Tuttle followed up their election to take the particular lots in controversy by completing their title thereto, and obtained a deed February 23, 1887. Paragraph 4733 of the General Statutes of 1889 provides that—

"Any person who shall, under contract with the owner of any tract or piece of land, or with the trustee, agent, husband or wife of such owner, furnish material for the erection, alteration or repair of any building, improvement or structure thereon, . . . shall have a lien upon the whole of said piece or tract of land, the building and appurtenances, in the manner herein provided, for the amount due to him for such material."

To obtain a lien under this paragraph, we do not think it necessary that the person to whom the material is furnished should have a perfect title to the land upon which the building or improvements are to be erected at the time of making the contract for the material. It is sufficient, if at that time he has equitable title. Byers and Tuttle perfected their title on February 23, 1887. The material was delivered in January, February and March of that year. The parties who contracted for the material became the owners of the lots, and used the material in a building upon these lots; therefore, the material-men have their lien as claimed. (*Seitz v. U. P. Rly. Co.*, 16 Kas. 140; Phillips, Mech. Liens, 2d ed., § 81.)

This case is different from *Lumber Co. v. Schweiter*, 45 Kas. 207, because there the purchasers of the material had no legal or equitable estate in the lots upon which the house was erected. We do not, therefore, think the objection that Byers and Tuttle were not the owners of the land upon which the building was erected, and upon which the lien for the material was claimed, is good, especially as the mortgage lien did not attach thereto until several days after the title was complete in Byers and Tuttle, and after, as we believe under the law, the right of the material-men had attached thereto.

We have examined the judgment of the court; and while it is not as full and formal as it might, and perhaps should, have been, we do not think there is any prejudicial error therein.

We recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.