No. 19,070.

THE M. R. SMITH LUMBER COMPANY, *Appellee,* v. R. R. RUSSELL et al. (C. H. R. McELROY and SALLIE H. McELROY, *Appellants*).

#### SYLLABUS BY THE COURT.

1. LUMBERMAN'S LIEN—*Contractor Had Such Ownership in Premises as to Create Valid Lien.* Evidence that a person is in full possession of a tract of land and contracts for material to erect, and does erect, substantial improvements thereon, and who, a short time after making such contract, and while making such improvements, receives from the record owner of such tract a deed conveying such tract to such person in possession, is sufficient to sustain a finding that at the tme of making the contract such person had some ownership in the tract.

2. SAME—*Four Buildings—Single Contract.* The contract for materials to erect the four buildings on the single tract was an entire contract.

3. SAME—*Proper Owner Designated in Lien Statement.* Under the facts of this case, the person who contracted for the materials and erected the buildings on the tract was the proper person to be designated as the owner thereof in the statement filed for a mechanic's lien.

4. SAME—*Foreclosure—New Issues in This Court.* The question whether the action was timely commenced was not presented by the answer in this case and can not be first raised in this court.

5. SAME—*Release of Portion of Land—Lien Not Invalidated.* Where a lien for building material exists against an· entire tract of land, the release of a part of the tract in consideration of a fair proportion of the lien does not effect a release of the entire lien.

6. PRACTICE—*As to Findings of Fact and Conclusions of Law.* Upon the trial of a case in a district court without a jury, error can not be predicated upon the refusal of the court to answer questions of fact presented where the court states findings of fact and conclusions of law as the statute contemplates.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed December 12, 1914. Affirmed.

*Joseph P. Fontron,* of Kansas City, Mo., for the appellants.

*J. H. Luscombe,* of Kansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought in the district court of Wyandotte county to foreclose a mechanic's lien on December 18, 1912, by the M. R. Smith Lumber Company, a corporation, against defendants, R. R. Russell, C. H. R. McElroy, John H. Finley, The Old Colony Investment Company, and their unknown heirs, trustees, executors, administrators, successors, and assigns. Service was made by publication as to a part of the defendants. C. H. R. McElroy and Sallie H. McElroy, husband and wife, answered separately, she having entered a voluntary appearance. The case was tried before the court without a jury, judgment was rendered in favor of the plaintiff for $1806.69 and costs, and the lien allowed. The McElroys appeal.

It is urged that R. R. Russell had no sufficient title to the real estate upon which to base a mechanic's lien.

It is, however, undisputed that on May 13, 1911, he informed the lumber company that he was about to build a number of houses at 18th and Orville avenue, the location upon which the lien is claimed; that on the same day and thereafter lumber was delivered on the contract to Frazier, the carpenter, who built the houses, according to Russell's directions; and that on June 19, 1911, Russell acquired record title to the real estate in question. The court found that Russell was exercising all the rights of possession and ownership over the real estate, and while there is no evidence of the existence of a contract of purchase at the time of the order and contract for the lumber, the circumstances are sufficient to justify the finding that he had some ownership in the property, which is all that is necessary. (*Mortgage Trust Co. v. Sutton,* 46 Kan. 166, 26 Pac. 406.) The lumber and material were furnished by the lumber company to build four houses upon land to which Russell acquired a deed, shortly after the making of the contract.

The court further found that the lumber and material furnished by the lumber company at 18th and Orville avenue, as set out in the itemized account attached to the statement for mechanic's lien, was used by Russell's agent and foreman in building the four houses and other improvements upon the real estate described in the petition and the statement for a lien.

The second asignment of error is that the contract for the lumber and material for the four houses was not an entire contract within the meaning of the law. There was only one contract, and Russell informed the lumber company that he expected to build several houses on the tract at the corner of 18th and Orville avenue, and to let Frazier have whatever lumber he ordered for the purpose. Whether this tract was a single lot or parts of adjoining lots the record does not disclose, although the location is definitely described as beginning at a point on the north line of Orville avenue, twenty-seven and one-half feet west of the southeast

corner of lot thirty in block one, Graceland avenue, an addition to Kansas City, Wyandotte county, Kansas. Russell told the lumber company's bookkeeper and agent, with whom he made the contract, that he "had quite a bit of ground there and would probably build all over it." In *Carr v. Hooper,* 48 Kan. 253, 29 Pac. 398, it was said:

"Where work and material are furnished in the erection of five buildings upon a single lot under an entire contract with the owner, a lien attaches to the lot and buildings for all the material and labor furnished, and the release of a part of such lot by the contractor from the lien, to enable the owner to secure a loan thereon, will not defeat the lien on the other portion of the lot." (Syl. ¶ 3.)

So long as it was one tract of land upon which the four houses were built, which is not controverted in this case, it makes no difference whether it consisted of one lot only or of more lots or parts of lots. The contract was entire and a lien would attach for material furnished for building houses all over the tract, if such houses had been built.

(See, also, *Wilson v. Howell,* 48 Kan. 150, 29 Pac. 151.)

Again, it is contended that the statement for a mechanic's lien was invalid for the reason that it did not name the proper person as the owner of the property. It is contended that the person who was the owner of the property at the time the statement for the lien was filed was the proper person to be named under the provisions of the statute.

On the contrary, we think that the owner which the statute requires to be named is the person with whom the contract was made as owner. The question here was discussed in *Lang v. Adams,* 71 Kan. 309, 80 Pac. 393. It was there said:

"As the statute makes the contract with the owner the basis of a lien no one but the owner or some one representing him can create a lien upon his property.

In the statement for the lien by the contractor he must name the owner with whom the contract was made." (p. 311.)

We conclude that there was no defect in the statement for lien in this respect. The petition does charge and it is, in substance, found that Russell was the owner of the tract at the time the contract was made.

The fourth assignment of error is that this action was not timely commenced. No issue upon the time of commencing the action was presented by the answer, by motion or otherwise, in the district court. This court has only appellate jurisdiction in the matter. The appellants were nonresidents of the state and voluntarily appeared and answered to the petition on the merits, submitting themselves to the jurisdiction of the court, and can not be heard here for the first time to say that the court had no jurisdiction to hear the case. (*Adolph Cohen v. C. B. Trowbridge,* 6 Kan. 385; *Croan v. Baden,* 73 Kan. 364, 85 Pac. 532; *Vail v. School District,* 86 Kan. 808, 122 Pac. 885.)

The fifth assignment of error is that if any lien ever existed it has been released. The ground for this contention is that the lien upon a portion of the tract of land was released in consideration of the payment of $570.84. This seems to have been a fair proportionate amount of the entire lien and the appellants were not injured thereby, and the release thereof will not defeat the lien on the other portion of the property. (See *Carr v. Hooper,* 48 Kan. 253, 29 Pac. 398.)

The defendants submitted special questions of fact to be answered by the court, which the court refused to answer, but made findings of fact and conclusions of law separately. This is urged as error. The submission of special questions may be fairly construed as a request to make special findings of fact and conclusions of law as provided by section 297 of the civil code, but the court is not required to answer special questions. It is the duty of the court, on request, to

make separate findings of fact and conclusions of law as was done in this case. The proper practice was discussed in *Vickers v. Buck*, 70 Kan. 584, 79 Pac. 160. If material facts in issue have been omitted in the findings it is the duty of the court, on request, to make additional findings on such issues. No additional findings having been requested after the court made its findings, no error was committed in this respect.

The last assignment of error is that the court erred in refusing the appellants a new trial, and the reasons assigned for demanding a new trial were the alleged errors already considered. As we have not found any error in the proceedings thus far there was no error in refusing a new trial.

The judgment is affirmed.