. No. 20,852.

ELMER BROWN, *Appellee,* v. J. WALKER et al., *Appellees* (J. SHANNON NAVE and T. REID ZEIGLER, *Appellants*).

### SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*Agency—Lessee Authorized to Contract for Improvements.* The terms of the lease of a building considered, and *held,* the lessee was the agent of the owners for the alteration and repair of the building, within the meaning of the mechanic's lien statute, General Statutes of 1915, section 7557.

2. MECHANICS' LIENS—*Sufficient Lien Statements.* Mechanic's lien statements, otherwise sufficient, which named the owners, named the lessee as contractor, and named the persons who furnished labor and material for the alteration and repair of the building as claimants, considered, and held to be sufficient to furnish the basis for mechanics' liens.

3. MECHANIC'S LIEN — *Sufficient Lien Statement.* A mechanic's lien statement which named the owners and claimants and recited that the owners employed the lessee to make improvements on the property, and that the lessee, being in possession and control of the property, employed the claimant to furnish labor and material for the purpose, considered, and held to be sufficient to furnish the basis for a mechanic's lien.

4. MECHANIC'S LIEN — *Sufficient Lien Statement.* A mechanic's lien statement naming the owners, naming the lessee as contractor, and naming the claimant, considered, and held to be sufficient, although the statement used expressions indicating that the claimant was a subcontractor.

5. MECHANICS' LIENS—*Amendment of Lien Statements.* At the close of the evidence in an action to enforce the liens, amendments were properly allowed correcting informalities in the lien statements and conforming the pleadings to the amended statements, no changes being made in the names of the owners, the name of the contractor, or the names of the lien claimants.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed May 12, 1917. Affirmed.

*C. V. Ferguson,* of Wichita, for the appellants.

*A. V. Roberts, J. N. Haymaker, W. D. Jochems, Roy Elder, E. V. Long,* and *L. R. Fulton,* all of Wichita, for the appellees.

Brown v. Walker.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sought to foreclose a mechanic's lien. Several other lien claimants were made parties defendant. The liens were sustained and foreclosed, and the owners of the property appeal. The two principal questions in the case are whether or not the person who contracted with the various lien claimants for labor and material was the agent of the owners, and whether or not certain of the lien statements furnished sufficient foundations for liens.

Nave and Zeigler were owners of the property. They leased the property to Sproul. The lease authorized Sproul to make two classes of improvements: First, certain special improvements in the basement of the building, involving the installation of toilets, bathtubs, and appendages, which were not to become a part of the building, but were to be the property of the tenant, removable at the end of the lease. Second, general changes, improvements and betterments. These improvements were to be made at the tenant's own expense, but were not removable, and the lease provided that should the property be sold, the tenant would surrender possession "after sixty days' notice in writing and the payment of one-half the amount expended on improvements or betterments in the way of plumbing, plastering, painting, papering and carpenter work, or hardware or other material used in repairing said building other than repairs or betterments to be made in the basement of said building as it now exists, the whole of said expense in this respect to be made by lessee not to exceed $600."

Liens were claimed for labor and material furnished for improvements of the second class only.

The statute provides that any person who shall, under contract with the owner of land, or with the trustee, agent, husband or wife of the owner, perform labor or furnish material for the erection, alteration or repair of any building, structure or improvement, shall have a lien for the amount due for such labor or material. (Gen. Stat. 1915, § 7557.) In this instance the tenant was the agent of the owners for the alteration and repair of their building, and was authorized to contract for labor and material for those purposes. (*Pot-*

*ter v. Conley*, 83 Kan. 676, 112 Pac. 608; *Lumber Co. v. Band Co.*, 89 Kan. 788, 132 Pac. 992.)

The lien statements were in various forms. Brown's statement named Nave and Zeigler as owners and named himself as claimant. The statement further recited that the owners employed Sproul to make improvements upon the property, and that Sproul, being in possession and control of the premises, employed the claimant to furnish lumber and material. Walker's statement named Nave and Zeigler as owners, Sproul as contractor, and Walker as claimant. The statement further recited that the claimant did, under contract with Sproul for the owner of the property, perform labor, etc. Rowland's statement was like Walker's. Turner's statement named Nave and Zeigler as owners, Sproul as contractor, and Turner as claimant. The statement, however, elsewhere referred to Turner as a subcontractor who, under subcontract with the contractor, furnished material, and a lien was claimed for Turner as subcontractor and claimant. The lien statements of other claimants are not criticised.

The statute relating to the contents of the lien statement to be filed by one furnishing labor or material under contract with the owner or his agent reads as follows:

"Any person claiming a lien as aforesaid shall file in the office of the clerk of the district court of the county in which the land is situated a statement setting forth the amount claimed and the items thereof, as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property subject to the lien, verified by affidavit." (Gen. Stat. 1915, § 7558.)

The statute relating to perfecting the lien of a subcontractor reads as follows:

"Any person who shall furnish any such material or perform such labor under a subcontract with the contractor . . . may obtain a lien upon such land from the same time, in the same manner, and to the same extent as the original contractor, for the amount due him for such material and labor . . . by filing with the clerk of the district court of the county in which the land is situated within sixty days after the date upon which material was last furnished or labor last performed under such subcontract a statement, verified by affidavit, setting forth the amount due from the contractor to the claimant, and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property upon which a lien is claimed; and by serving a notice in writing of the filing of such lien upon the owner of the land." (Gen. Stat. 1915, § 7559.)

When the lien claimant contracts with the owner there are but two parties to the transaction and but two persons interested in the lien. There is no "contractor," in the ordinary business sense of the term, to be named in the lien statement. There are the owner and the claimant, and nobody else. Some force may be given to the requirement of section 7558 that the name of the contractor be stated when the claimant has dealt with the trustee, agent, husband or wife of the owner. The owner's agent who contracted for the claimant's labor or material may well be regarded as a "contractor," and he may well be named in the lien statement as contractor. The statute, however, does not require any other designation, and the relation of trustee, agent, etc., need not be stated. The owner knows his agent. When the agent is named by name as having contracted for the claimant's material or labor, the owner has all the information necessary. At least he has all the information which the statute requires, and it is elementary law that nothing need be inserted in the lien statement which the statute does not require. This being true, the lien statements of Walker and Rowland were clearly sufficient. Brown's statement was sufficient because Nave and Zeigler were named as owners, Sproul was named as the person who employed Brown to furnish lumber and material, and the relation between Sproul and the owners was tolerably, although not accurately, described.

Turner conceived himself to be a subcontractor, and framed his statement accordingly. When the claimant is a subcontractor who contracts with the original contractor, the claimant is required by section 7559 to name the contractor. The owner knows his contractor, knows the nature of his relation with the contractor, knows the state of his accounts with the contractor, and can act accordingly. The statute does not require the claimant to describe himself as a subcontractor, or as other than the claimant who furnished material and labor to the person named as contractor. When the person contracting with the claimant for labor or material is named as contractor, the owner knows whether he was in fact a contractor or was in fact the owner's *alter ego*. The true relation to the owner of the person named as contractor being

known to the owner, the owner knows the true status of the claimant, and the surplus description of the claimant as subcontractor should be ignored. The result is that Turner's statement fulfilled every requirement essential to a lien under sections 7557 and 7558.

Under section 7559 the relation of original and subcontractor is important as a fact, because a subcontractor can have no lien unless that relation exist. Section 7559, however, does not require that the word "original" or other descriptive addition be inserted in connection with the designation of the contractor. In this respect the form of statement is identical with that prescribed by section 7558. Neither section requires that the capacity of the contractor, whether agent of the owner or original contractor with the owner, be stated. What the statute requires is that the name of the owner of the property, the name of the person who contracted for the material, and the name of the claimant who furnished the material, shall be stated; and that which the statute does not require to be set out, need not be set out. If the facts warrant a lien under sections 7557 and 7558, and the lien statement be formally sufficient under section 7558, the claimant's misconception of the true relation of the contractor to the owner and his wrong description of himself as subcontractor will not defeat his lien. The owner can not be misled or prejudiced by the wrong description, and the statute having been fulfilled in every respect, the lien is valid.

At the close of the evidence the informalities of the lien statements were corrected by amendment, and the pleadings were amended accordingly. This was entirely proper. No change was made in the statement of the names of the owners, the name of the contractor, or the names of the lien claimants.

The argument that the lien statements were insufficient is extended to the pleadings setting them forth. The statements being sufficient, the pleadings stated causes of action.

The judgment of the district court is affirmed.