MALVINA F. BUSH *vs.* CYRUS T. CLARK, administrator.

Suffolk. Nov. 20, 1878. — June 28, 1879. COLT & MORTON, JJ., absent.

Assets of a partnership in the hands of the surviving partner at his death are so far his " personal estate," within the meaning of the Gen. Sts. *c.* 96, § 5, that the Probate Court may make an allowance therefrom to his widow, although the assets are insufficient to pay the partnership creditors in full.

APPEAL by the administrator of the estate of Francis Bush from a decree of the Probate Court giving to the widow of the intestate, on her petition, an additional allowance of $1512.16, out of the personal estate of her husband.

At the hearing before *Ames*, J., the following facts appeared: The only property left by Francis Bush, except household furniture of the value of $173, which was allowed to his widow, consisted of assets of the late firm of Bent & Bush, which he held as surviving partner, and there will be nothing to the credit of his private estate, there being only assets sufficient, as appears by the inventory and the return of commissioners, to pay a dividend on the claims against said firm.

Upon these facts, the judge, being of the opinion that no allowance should have been made, ordered a decree to be entered reversing the decree of the Probate Court; and, at the request of both parties, reported the case for the consideration of the full court.

*H. W. Chaplin*, for the widow.

*C. A. Welch*, for the administrator. By the Gen. Sts. *c.* 96, § 5, the allowance to a widow is to be made merely from the " personal estate " of her deceased husband. In the case at bar, as the deceased had no private property, and as the partnership property of the firm, of which he was the surviving partner, is not sufficient to pay the partnership debts, there is no personal estate which can be allowed to the widow. The interest of the deceased in the partnership property is only to have his share as partner of what remains after the partnership debts are paid. If the deceased had not been the surviving partner and the partnership had been insolvent, the other partner would have wound up the affairs of the partnership, would have paid out and disposed of all the assets, and no property would have come to the

administrator's hands. Could an allowance have been made in that case, and can it make any difference that the deceased was the surviving partner, and that the administrator winds up the partnership affairs as a matter of necessity, and because he is the representative of the firm? He stands in the same relation to the partnership property as an assignee in insolvency, or a trustee. If one partner should die, leaving a widow, and the other partner within a short time afterwards should also die, leaving a widow, and the partnership should turn out to be insolvent and neither partner leave sufficient individual property to give as large an allowance to his widow as the judge of probate should think sufficient, would the widow of the partner, who died first, have no allowance from the partnership property, and the widow of the other have an allowance out of it? or would both have it? and how would the first widow get it? Supposing one of the partners had private property and the other had not, and the partnership property was not enough to pay the partnership debts, and the partner with property died first and the other soon after, would the widow of the partner without property have an allowance out of the partnership property?

SOULE, J. When a partnership is dissolved by the death of one of the partners, the survivor becomes the owner of the personal property of the partnership. The representatives of the deceased partner have certain rights as against the survivor; the chief of these being the right of the representatives to have an account of the property, of the collection and application of it, and to receive any balance which may become due as the deceased's share of the net proceeds. The survivor is under corresponding obligations. It is his duty to collect the property, pay the debts, and pay to the representatives whatever becomes due as the share of the deceased. But he holds the legal title to the property, pending the settlement of partnership business, and not as trustee. At law, his title is so absolute, that, if he sues for a debt due the partnership, a debt due from him separately to the defendant may be set off. *Holbrook* v. *Lackey*, 13 Met. 132. Before the General Statutes took effect, no distinction was made, in settling insolvent estates of deceased persons, between separate debts of the deceased and debts contracted by them jointly with others, nor

between the estate which the deceased had held separately, and that which came to him as surviving partner; both classes of debts were proved against the estate, and both classes of estate made up a common fund for distribution among both classes of creditors without distinction. *Wilby* v. *Phinney*, 15 Mass. 116. *Sparhawk* v. *Russell*, 10 Met. 305. By the Gen. Sts. *c.* 99, § 18, it is provided that, if the deceased has been a member of a copartnership, and copartnership and individual claims are proved against his estate, the commissioners shall make separate lists of said claims; and that, in making a dividend, the court shall order the joint and separate estate to be distributed in the same manner and among the same classes of creditors as provided in the case of insolvent debtors under *c.* 118. We do not understand that this section of the statute was intended to make any change in the title of the surviving partner, or of his administrator, to the estate which had belonged to the partnership. It merely works a change in the remedy of joint and separate creditors against the two parts of the estate, — the phrase "joint and separate estate" in the statute being used to denote the source of the title of the deceased, and not the quality of ownership. Otherwise, it could not be that the statute would apply to cases where the intestate died and commissioners were appointed on his estate before the statute took effect, as was held in *Jewett* v. *Phillips*, 5 Allen, 150. The property in the hands of the administrator, which is described in the report "as assets of the late firm" of which the intestate was a member, is therefore the personal estate of the deceased; but, because it came to him as surviving partner, is to be applied to payment of partnership debts, to the exclusion of separate debts. As it is personal estate of the deceased, it is liable to diminution by the expenses of administration, and by allowance to the widow. The amount of such allowance, or whether, having regard to all the circumstances of the case, any allowance shall be made, is to be determined by the discretion of the Probate Court, but where there is personal property there is jurisdiction to make an allowance out of it. Gen. Sts. *c.* 96, § 5. And when such allowance is made, whatever part of the estate is included in it ceases to be assets for the payment of debts. The allowance, therefore, takes precedence of debts, in the order of payment, as well as of the

expenses of the last sickness of the intestate, and of the expenses of administration. It is to be paid, though it consume the whole personal estate. *Brazer* v. *Dean*, 15 Mass. 183. *Kingsbury* v. *Wilmarth*, 2 Allen, 310. This rule applies, whether the estate came to the intestate as surviving member of a firm, or had been his separate estate.

The only objection made by the appellant to the allowance to the widow, in the case at bar, is based upon the idea that the estate which had been owned by the partnership did not become the estate of the surviving partner, but that he had an interest in it only to the extent of his proportion of what might remain after the partnership debts were paid; and, therefore, that there is no estate of the deceased out of which to make an allowance, because the partnership debts proved are sufficient to exhaust the estate. But, as has been above stated, this view of the relation of the surviving partner to the partnership estate is incorrect. The argument that an allowance to the widow of one partner out of what was once partnership property may result in compelling the private estate of the other partner to pay partnership debts, merely brings into prominence one of the incidents of copartnership relations, but has no force to overturn the settled doctrine of the ownership of partnership estate by the surviving partner. It is worthy of notice that by the Gen. Sts. *c.* 118, allowances to the several partners out of the partnership estate are provided for in the settlement of the affairs of insolvent debtors.

As the only question argued before us was as to the power of the Probate Court to make an allowance, and no question was made as to the proper amount of the allowance, if any, and as, on the grounds stated, we are of opinion that an allowance may be decreed out of the property which was of the partnership, the decree of the Probate Court must be          *Affirmed.*