No. 34,102

MATTER OF ESTATE OF ROSS & WALDO, Partnership; L. C. ROSS, Deceased, E. C. WALDO, Surviving and Administering Partner. (E. C. WALDO, as Surviving and Administering Partner, *Appellee*, v. BENA M. ROSS, as Widow, Executrix and Beneficiary of L. C. Ross, Deceased, *Appellant.*)

(86 P. 2d 518)

Opinion filed January 28, 1939.

*J. C. Ruppenthal,* of Russell, for the appellant.
*W. R. Griffin,* of Ellis, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment of the district court setting aside an order of the probate court directing the surviving and liquidating partner of a partnership estate to pay to the widow of his deceased partner the sum of $351 out of the assets of the partnership estate, on the assumption that she was entitled thereto as a widow's allowance under subparagraphs (2) and (3) of G. S. 1935, 22-511.

The liquidating partner questioned the validity of the order of the probate court (and certain incidents thereof requiring no present attention), and the matter was appealed to the district court, where the pertinent facts were developed without material dispute. These were fully and succinctly stated in the district court's findings of fact, viz.:

"1. L. C. Ross and E. C. Waldo were partners in Ellis, Kan., for more than forty years continuously to April 13, 1935, when Mr. Ross died. Letters testa-

mentary issued to his widow, Bena M. Ross. Later, on August 8, 1935, E. C. Waldo gave bond and qualified as administering partner of the Ross & Waldo partnership estate. Each representative continued in such office in the probate court of Ellis county.

"2. The inventory of the L. C. Ross estate showed that he had no property except his undivided one-half interest in the partnership estate of Ross and Waldo. No allowance was made in kind to the widow in the inventory, nor by the appraisers, for want of any such property except a very small amount.

"3. Upon due application and notice, the probate court, on January 2, 1937, found for the widow and awarded her as widow's allowance under 1935 G. S. 22-511, clauses 2 and 3, the sum of $351 balance due her from said estate above the small credit given her.

"4. Nothing being available in the L. C. Ross separate estate, said widow petitioned the probate court in the Ross and Waldo estate proceedings for payment of said widow's allowance of $351 from the partnership estate of Ross and Waldo, in which said estate of L. C Ross had and has an undivided one-half interest.

"5. On hearing June 10, 1937, in the Ross and Waldo proceedings, the [probate] court ordered that said allowance of $351 be paid to the widow by the surviving administering partner, E. C. Waldo, from the assets, property and share of L. C. Ross in the assets on hand and at said date remaining in the hands of said administering partner.

"6. The partnership estate at the time of the death of the partner and thereafter to the present time in the hands of the surviving partner, included land, lots and personal property of various kinds not bound in mortgage or other lien, in excess of $351 in value and in excess of twice $351 in value, after excluding all property in the nature of real estate.

"7. E. C. Waldo as surviving partner has at all times since June 10, 1937, refused, and now continues to refuse to make such payment of $351 in whole or in part.

"8. Upon further hearing of the matter in probate court February 4, 1938, said widow and said surviving partner each present in court and by counsel, after evidence and argument, said court ordered administering partner to pay said $351 to the widow; and he was found in contempt for not doing so, and was ordered committed until he made said payment."

Based on the foregoing findings, the district court made certain conclusions of law and gave judgment disallowing the claim of Mrs. Ross as widow of L. C. Ross and also as the executrix of his estate. Hence this appeal.

Counsel for appellant propounds for our determination this question:

"Where a partner dies, leaving no assets except his undivided one-half share in the partnership estate, may his interest be drawn on at once to pay on allowance to his widow under G. S. 22-511, clauses 2 and 3?"

The statute just cited (G. S. 1935, 22-511) is the one which provides for the so-called widow's allowance, and so far as here pertinent it reads: ₀

"When any man residing in the state of Kansas shall die, leaving a widow and minor children, or either, there shall, at the time of the making of the inventory and appraisement of his personal estate as provided by law, be selected and set apart for the use and benefit of said widow and minor children an allowance out of said estate as follows, to wit:

"(1) The family library, pictures and musical instruments; the wearing apparel of the deceased; the household goods; implements, furniture and utensils of every kind and nature owned by the deceased and used in his home at the time of his death; one buggy and buggy harness, one driving horse or team, one cow and one automobile.

"(2) Provisions and fuel on hand, necessary for the support and use of said widow and minor children for one year: *Provided,* That if the appraised value of the property so selected does not amount to the sum of one hundred twenty-five dollars each, for the widow and each of said minor children, the difference shall be paid in cash or other property to be selected in lieu thereof at its appraised value."

When one of two or more partners dies the partnership is terminated, and the partnership assets become a partnership estate to be administered and liquidated according to the statutory procedure prescribed in article 4 of the chapter on Decedents' Estates (G. S. 1935, 22-401 to 22-409, inclusive). This statutory mandate makes no mention of exemptions, widow's allowances, or other deductions to be taken out of the partnership assets. The entire partnership estate is to be applied to the payment of the partnership debts. (G. S. 1935, 22-403.) And it is only after those debts are satisfied and the partnership affairs are settled up that the net remainder— the excess—is to be apportioned between the surviving partner and the executor or administrator of the deceased partner's estate. (G. S. 1935, 22-402, 22-403; and see *Carr v. Catlin,* 13 Kan. 393, 409; *Moffett v. Moffett,* 131 Kan. 582, 587, 292 Pac. 947.)

Counsel for appellant cites *Bush v. Clark,* 127 Mass. 111; *Hewitt v. Hayes,* 204 Mass. 586, 90 N. E. 985; and *Estate of Finch,* 173 Cal. 462, 160 Pac. 553. In the Hewitt case the suit was between a trustee of a bankrupt partnership estate and the executor of the estate of the deceased partner. The question of a widow's allowance was not involved, although the case of *Bush v. Clark,* supra, was cited. In the latter case the question of a widow's allowance was in issue, and it was held that under a then recent Massachusetts statute the widow of a deceased partner was entitled to such allowance "although the assets [were] insufficient to pay the partnership creditors in full." But in the opinion the court said:

"Before the general statutes took effect, no distinction was made, in settling insolvent estates of deceased persons, between separate debts of the deceased

and debts contracted by them jointly with others, nor between the estate which the deceased had held separately, and that which came to him as surviving partner; both classes of debts were proved against the estate, and both classes of estate made up a common fund for distribution among both classes of creditors without distinction. (*Wilby v. Phinney,* 15 Mass. 116; *Sparhawk v. Russell,* 10 Met. 305.)" (p. 112.)

In the Finch case the question was whether a widow's allowance should be taken out of the estate of her deceased husband or out of the community estate which had been accumulated by herself and her husband. The question was governed by California statute law. But nothing concerning a widow's allowance under the law of partnership was involved.

Counsel reminds us that statutes enacted in response to the broader ideas of humanity prevalent in our time are to be liberally construed to carry out their beneficent purposes. With that doctrine we are in hearty accord. But we must have such a statute to construe. Here there is none. We dare not confuse the statute which gives the widow an allowance *out of her husband's individual estate* with the statute which governs the liquidation of a partnership estate with which her husband had been identified in his lifetime. If the deceased husband did not possess a single chattel apart from his interest in the partnership, the responsibility for the resulting hardship on his widow and children is not the fault of the law. For this court to reach into the assets of the partnership estate of Ross and Waldo, now under liquidation, and bestow a moiety of it on Mrs. Ross would not be a mere routine matter of statutory construction or orderly judicial procedure, but sheer judicial usurpation of legislative prerogative. If our legislature in its wisdom should conclude to follow the lead of the Massachusetts legislature as indicated in *Bush v. Clark,* supra, well and good.

Without the mandate of such a statute as controlled the Massachusetts case, the general tenor of the decided cases is against the contention of appellant. Thus, in the recent case of *McLerkin v. Schilling,* 192 Ark. 1083, 96 S. W. (2d) 445, the supreme court of Arkansas affirmed a judgment denying a widow's allowance out of the estate of a partnership in which her deceased husband had been a partner. In its opinion the court said:

"It will be noticed that the statute is applicable to 'the personal estate of such deceased person.' Partnership assets are not the personal estate of the individual partners during their lifetime, and death of one of the partners does not make them such. Partnership assets belong to the partnership,

and not to the individual partners. Such assets never become the personal estate of the individual partners until the partnership is dissolved, its debts paid, and the remaining funds distributed. The death of one of the partners dissolves the partnership. We have so held since *Bernie v. Vandever*, 16 Ark. 616. In the same case and ever since, it was and has been held that the surviving partner is entitled to the partnership property and effects for the purpose of paying the debts of the firm. (Citations.)" (p. 1085.)

To the same effect were *Little v. McPherson*, 76 Ala. 552; *Wood v. Brown*, 121 Ga. 471, 49 S. E. 295; *King v. Goodwin*, 130 Ill. 102, 22 N. E. 533, 17 A. S. R. 277; *Julian v. Wrightsman*, 73 Mo. 569, *In re F. Dobert & Son*, 165 Fed. (Tex.) 749. And see, also, 24 C. J. 246; 47 Id. 1063; 20 R. C. L. 993, 1003.

In our own early case of *Swayze, Adm'x, v. Wade*, 25 Kan. 551, it was held that a widow's allowance could not be taken out of her deceased husband's estate against the rights of creditors thereto which had attached prior to the statute which conferred such right on the widow. (Laws 1879, ch. 103; G. S. 1935, 22-511.)

In view of what has been said and cited above it must be held that the widow's allowance authorized by the statute must come out of the estate of her deceased husband—not out of the assets of the partnership being liquidated by his surviving partner pursuant to the statute. All the right she or the executor or administrator of her husband's personal estate can have in the partnership assets is in the surplus which may exist when its administration is completed.

The judgment is affirmed.