No. 35,023

The J. B. Ehrsam & Sons Manufacturing Company, *Plaintiff*, v. Virgil J. Rice, *Appellee*, et al. (Harold P. Trusler et al., *Appellants*).

(112 P. 2d 95)

Opinion filed April 12, 1941

*Carl A. Ballweg*, of Cottonwood Falls, for the appellants.
*W. L. Harris*, of Emporia, for appellee Virgil J. Rice.

The opinion of the court was delivered by

Thiele, J.: This appeal involves a ruling of the trial court fixing the period of redemption on confirmation of a sale on foreclosure of a mechanic's lien, the appeal being by the purchasers at such sale. The question presented arises out of the following:

Plaintiff filed its petition making appropriate allegations and seeking foreclosure of its mechanic's lien for materials furnished in the construction of a grain elevator and appurtenances upon a leasehold estate owned by the defendant, Rice. The defendants designated as B. C. Christopher & Co. answered, making certain admissions and denials, and alleging its interest in the elevator and appurtenances by reason of notes executed to it by the defendant Rice and secured by chattel mortgages on the elevator and appurtenances. Rice made no defense. Apparently at the trial there was not a great deal of controversy. The trial court rendered judgment in favor of plaintiff and against Rice for $406.65, and that the judgment was a first lien on the described leasehold and appurtenances, and that defendant B. C. Christopher & Co. have judgment against defendant Rice for $2,221.22, and that judgment was a second lien on the above-described property, and that B. C. Christopher was · entitled to another judgment for $117.44, which was a third lien. It was further ordered that if the judgments were not paid within five days the following described property: "One ironclad grain elevator, together with all appliances, equipment and appurtenances thereunto appertaining and being located upon the leased premises in Elmdale," etc., be advertised and sold as provided by law for the satisfaction of said liens, the proceeds to be applied as specified in the judgment. Thereafter an order of sale was issued, containing recitals as to the judgment and directing sale of the property as above described, etc. Notice was duly published and the sale was held. The sheriff's return showed he received the order of sale on March 11, 1940, and on March 13, 1940, caused notice to be published in a certain newspaper that he would offer the property for sale on April 15, 1940, at 9 a. m. of that day, and that he caused said notice to be published in successive issues of the newspaper between the first publication and the day "I sold said *personal* property as herein stated," (italics ours) and that at the time and place stated be sold "said personal property," using the description first above quoted, to H. P. Trusler and Otto Behymer for $2,875. On the day after the sale, April 16, 1940, Rice filed a motion asking the court to fix the period of redemption at eighteen months. On April 23, 1940, plaintiffs filed a motion the sale be confirmed. On May 31, 1940, Trusler and Behymer filed their objections to the granting of any period of redemption, the reasons asserted, briefly stated, being that the property sold by the sheriff was located on lands

owned by the Atchison, Topeka & Santa Fe Rly. Co., and that company had on May 15, 1940, served notice on Rice terminating the lease thirty days thereafter, and that Rice, having no interest or estate in the real estate, it was purchasers' contention that the property involved was personal property and not subject to redemption; that the property was of such nature it would be damaged and would deteriorate unless continuously used, occupied and cared for; that for a period of six months or more the property had been unused and uncared for and considerable damage had been done by water which was permitted to stand in the elevator, and applicants were entitled to possession for the purpose of caring for and maintaining it to protect their investment in the property; and a further reference was made as to the leasehold and the terms of the lease.

On the hearing of the motions and objections, the trial court concluded that defendant Rice was entitled to an eighteen months' period of redemption. It may here be observed that a new term of the district court in Chase county commenced on the first Tuesday in June.

On July 21, 1940, the purchasers filed a motion asking for an order terminating the right of redemption granted Rice by the order of May 31, 1940, for the reason that the lease to Rice had been terminated and he no longer had any interest, right of possession or lease in and to the lands on which the property sold was situated, and reiterating the claim the property was personal property. In denying this motion, the trial court, among other reasons, stated the order of May 31, 1940, had become final and it was without power, at a later term, to disturb the order.

In due time the purchasers perfected an appeal from the trial court's rulings of May 31, 1940, and July 20, 1940.

Appellants in their brief present only the question whether the property described in the pleadings and subsequent proceedings and sold at the sheriff's sale was real or personal property. In that connection, they direct our attention to two sections of the lease from the railway company to the defendant Rice, under which Rice occupied the real estate on which the grain elevator and appurtenances were constructed. One of these sections provided the lease could be terminated by either party upon thirty days' notice to the other, specifying the date termination should take place, following which all rights under the lease should cease. The other section

provided that upon expiration or termination, the lessee should deliver up possession and should remove all improvements placed by him on the premises and if he failed for thirty days after expiration or termination, the lessor company might, at its election, either remove the improvements from the premises at the account and sale cost of the lessee, or take and hold the improvements as its sole property. From this it is argued that the parties to the lease treated the improvements placed on the leased premises as personal property. In support of their contention, appellants direct our attention to *Docking v. Frazell*, 38 Kan. 420, 17 Pac. 160. Taken alone, the syllabus seems to support appellants' contention. In that case, Pierce leased a certain lot, the lease permitting him to make improvements which he was to remove at the end of the term. Later Pierce assigned his lease to Piquerez, who thereafter executed chattel mortgages on the improvements. Thereafter Piquerez became indebted to Christian, and later left the state. Christian brought suit on his note and caused an attachment to issue which was levied upon the improvements and lease and interest in the lot as the property of Piquerez. Judgment was ultimately rendered and the property sold as real estate. The purchaser at the sale sought to obtain possession from the tenant of Piquerez by an action in forcible entry and detainer. The trial court determined the improvements were personal property. This court said because of the fact the improvements were used as a hotel and residence, the presumption would be it was real estate, but that it was evident the owner of the land and those who owned the building on it treated it as personal property, and that one of the tests whether a building is a fixture is,—did or did not the party placing the building on the land intend to make it a permanent accession to the freehold—but that there was no question the owners of the land and those who held under the lease regarded the building at all times as personal property. If the factual situation in the action now before us were at all the same, we should unhesitatingly declare the trial court had erred in concluding that real estate, and not personal property, had been sold, and in allowing any period of redemption. It may be conceded that as between the lessor railway company and the lessee Rice, any improvements placed on the leasehold were to be treated as personal property. The action here is not between them. Here Rice, as owner of the leasehold, entered into a contract with plaintiff for the erection of improvements thereon. To protect itself, plaintiff filed its mechan-

ic's lien, and ultimately brought this action to foreclose it. Our statute, G. S. 1935, 60-1401, provides that any person who shall, under contract with the owner of any piece of land, furnish materials for the erection of improvements on the land shall have a lien upon the whole of said piece of land for the amount due him, and later provisions of the statute provide for preservation of the lien, its foreclosure and for sale of the land. Under our rules for statutory construction, it is provided that the word "land" and the phrases "real estate" and "real property" include lands, tenements and hereditaments and all rights therein and interest thereto, equitable as well as legal (G. S. 1935, 77-201, *Eighth*). And it has been held in this state that a leasehold interest is sufficient to support a mechanic's lien. In *Hathaway v. Davis & Rankin*, 32 Kan. 693, 5 Pac. 29, it was held:

"A mechanic's lien, or lien for materials and labor, may attach to a leasehold estate.

"A leasehold estate may include buildings, fixtures and machinery, placed upon the real estate by the tenant.

"Such a lien may attach to the leasehold estate, including the buildings, fixtures and machinery placed upon the real estate by the tenant, although the tenant may have the right and privilege of removing such buildings, fixtures and machinery from the leased premises." (Syl.)

(See *Miller v. Bankers Mortgage Co.*, 130 Kan. 543, 287 Pac. 618, holding to the same effect, and also 40 C. J. 63 and 18 R. C. L. 886.) And the following cases recognize the rule: *Lumber Co. v. Osborn*, 40 Kan. 168, 19 Pac. 656; *Drug Co. v. Brown*, 46 Kan. 543, 26 Pac. 1019; *Lumber Co. v. Fretz*, 51 Kan. 134, 32 Pac. 908; *Mulvane v. Lumber Co.*, 56 Kan. 675, 44 Pac. 613; *Lumber Co. v. Arnold*, 88 Kan. 465, 129 Pac. 178; *Pond v. Harrison*, 96 Kan. 542, 152 Pac. 655; *Bond v. Westine*, 128 Kan. 370, 278 Pac. 12. It is clear that plaintiff was entitled to a mechanic's lien for the materials furnished by him in the erection of the elevator on the leasehold estate, and that being so, he had the right to foreclose his lien and have the property sold if his account for materials was not sooner paid. The action proceeded to a judgment of foreclosure. No appeal was then or thereafter taken either by the defendant Rice as owner of the leasehold or by any other party to the action claiming any right in the leasehold or the improvements on it. In accordance with the judgment, an order of sale issued, a sale was had upon notice and in the manner required for the sale of real estate, and upon the sheriff's return being made, plaintiff moved for confirmation of the

sale. There were no objections to confirmation; the sole question was whether the judgment debtor, Rice, was entitled to a period of redemption. The matter is settled by our statutes. Under G. S. 1935, 60-1408, pertaining to mechanic's liens, it is provided that where judgments are rendered to enforce a lien, the real estate or other property shall be ordered to be sold as in other cases of sales of real estate, and under G. S. 1935, 60-3439, it is provided the defendant owner of any real property sold under order of sale may redeem within eighteen months of the day of sale, unless the court shall find that the lands and tenements have been abandoned or are not occupied in good faith, when the period of redemption is six months. The gist of appellants' complaint is that the property sold was personal property and not real property. The character of the property did not change when the sale was held, and the statement of the sheriff in his return that he sold "personal property" did not alter its true character. It was real estate at all times, and appellants' contention cannot be sustained. If, by a very liberal interpretation, it be said appellants sought to have the court fix the period of redemption at six months, it may be said there was no evidence adduced warranting any finding of abandonment or that the defendant owner was not occupying the same in good faith. There was evidence the railway company had given notice of cancellation of Rice's lease, but when the sale was confirmed and the period of redemption fixed, the term had not expired. When the second motion was filed, the term of court had expired. But even on the hearing of that motion, there was no showing that defendant Rice was not in full possession of the property.

Appellants were purchasers at a judicial sale and bought only what the court had ordered sold. There are no equities in their favor; they bought with notice, and acquired only the interest of the judgment debtor at the time the order·of sale issued. (See *Union Pac. Rld. Co. v. Huse,* 127 Kan. 601, 274 Pac. 240.)

Error has not been made to appear and the ruling of the trial court is affirmed.