Gardner T. SETTLES, Callie Harlin, F. C. LaReau, Jr., and Alice LaReau, Trustee, Plaintiffs in Error,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Corporation, et al., Defendant in Error.

No. 37655.

Supreme Court of Oklahoma.

Dec. 4, 1957.

Kenneth B. Kienzle, Shawnee, for plaintiffs in error.

Rainey, Flynn & Anderson, B. Andrew Potter, Oklahoma City, Geo. M. Green, Oklahoma City, of counsel, for defendant in error, Atchison, T. & S. F. Ry. Co.

## PER CURIAM.

The parties to this appeal occupy the same relative positions here as in the trial court and we will refer to them by their trial court designation.

Plaintiffs initiated the action, claiming to be the owners of the minerals in and under the W½, SE¼, Sec. 6, Twp. 5 N., Range 8 East, Pottawatomie County, Oklahoma. In its answer and cross-petition, defendant asserted its claim to the fee-simple title, including all minerals, in and under its described railroad right of way across the property. The trial court held for the defendant and quieted its title against plaintiffs. Both parties rely upon a prior foreclosure action, to which the defendant was a party. Judgment in that action was entered in February, 1910. Plaintiffs deraign their title by conveyances from the purchaser at the sheriff's sale. The record of proceedings in that action was offered by plaintiffs and, by stipulation, admitted as evidence. Plaintiffs also claim title by adverse possession.

From the petition in the foreclosure action it appears that this property was mortgaged prior to the acquisition of any interest by any of the parties to this action. To the petition in that action, the defendant (defendant there as' well as here) answered and alleged:

"* * * that this defendant now owns in fee simple and operates through the above described land a right of way for the purpose of conducting its railroad and no other purpose whatsoever, the following described tract or poration thereof, to-wit: A strip of land Two hundred (200) feet in width the same being one Hundred (100) feet on each side of the center line of said railway company's railroad track * * *"

The answer continued by alleging the defendant's ownership of title by purchase from The Eastern Railway Company (also a defendant there) who had purchased from those who had purchased from the mortgagors. Said defendant's answer in that action further alleged that if its right of way were excluded from the sale, the remainder of the mortgaged tract was sufficient to pay the debt; and it requested the court to order that part sold first, and its right of way sold only if the other proved to be insufficient to satisfy the mortgage debt. In its judgment in that action, the court foreclosed the mortgage and specifically held:

"* * * that the allegations of the separate answer of the defendant * * * are true, and that the rights of the said railway compaby are superior to those of any other party ion said action, than the plaintiff, and that said defendant is entitled, upon any sale of the real estate * * * to have excepted from said sale, its railway right of way as described in said defendant's separate answer, but that said right of way shall be subject to a separate sale, in case the said described real estate shall not bring a sufficient amount to pay the judgment * * *."

Thereafter the court's judgment ordered the mortgaged property sold to satisfy the debt, "* * * save and except a strip of land 200 feet i– width, the same being 100 feet on each side of the center line of the railway track of the * * *" defendant, and provided that if the proceeds of that sale were not sufficient then "an additional order of sale shall be had upon the right of way of defendant." Following the judgment, the order of sale and the Sheriff's notice of sale described the property to be sold as the mortgaged property "save and except a strip of land 200 feet in width the same being 100 feet on each side of the center line of the railway track" of the defendant. The sheriff's deed conveyed the property "except the right of way" of defendant. It is of interest that the conveyances in the chain of title from the grantee in the sheriff's deed to plaintiff's immediate grantor each conveyed

"less Right-of-way" of the defendant. Also, the lease for oil and gas mining purposes executed by plaintiff's immediate grantor in 1948, by virtue of which the oil and gas is now being produced from this property, covers only "The West Half of the Southeast Quarter, less A. T. & S. F. Railroad Right-of-Way * * * and containing 74 acres, more or less."

 We are of the opinion that the trial court's judgment is correct. The basic rule applicable to an action of this nature is that the plaintiff must recover on the strength of his own title, not the weakness of his adversary's. Choate v. Muskogee Electric Traction Co., Okl., 295 P.2d 781; Allgood v. Wetsel, Okl., 275 P.2d 317. Here, plaintiffs' own muniments of title to this property defeat their claim. The foreclosure judgment withheld from the Sheriff's sale "a strip of land 200 feet in width, the same being 100 feet on each side of the center line of the railway track" of the defendant. The order of sale contained this same reservation, as did the notice of sale. Thus, although the Sheriff's deed excepted "the right of way in the" defendant, rather than more particularly describing the exception, it is apparent that the interest, to which the plaintiffs now claim title, has never been conveyed to them, or to their predecessors in title. In view of the proceedings upon which it was based, it is obvious that the term "right of way" was not used in the Sheriff's deed in its technical sense. A purchaser at a mortgage foreclosure sale purchases only that which the court has ordered to be sold. National Bank of Topeka v. Saia, 154 Kan. 740, 121 P.2d 251, 138 A.L.R. 1290; Delta Drilling Co. v. Arnett, 6 Cir., 186 F.2d 481. Here, the court withheld from sale "a strip of land." This was more than a technical right of way and included the fee estate. Midland Valley Railroad Co. v. Arrow Industrial Manufacturing Co., Okl., 297 P.2d 410.

In the trial court, plaintiffs made some claim to title by reason of adverse possession. Proof of title on this theory is also lacking. The evidence did not disclose any exclusive adverse possession of the surface, and production of the minerals has not continued for a sufficient period to create an adverse title.

Inasmuch as plaintiffs have failed to prove title in themselves, the judgment in favor of defendant must be affirmed.

Judgment affirmed.

CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.